# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

Consultus, LLC, and )
Commoditrade, LLC, d/b/a )
Sprout Solutions, )
        Plaintiffs, )
vs. ) No. 19-0821-CV-FJG
 )
CPC Commodities, and )
ISTT, Inc., )
        Defendants. )

## AMENDED SCHEDULING ORDER

Counsel are directed to paragraph 7(a)(3), regarding depositions of expert witnesses.

1. **TIMELINESS OF SUBMISSIONS**. The parties and counsel are advised that any filing or submission made after 5:00 p.m. will not be reviewed by the Court until the next business day.

2. **PROTECTIVE ORDERS**

Counsel are advised that protective orders shall be issued upon motion of counsel only. This motion shall be filed with the proposed protective order provided as an attachment to the document. The proposed protective order shall also be emailed to the courtroom deputy in Word format at christy_anderson@mow.uscourts.gov.

In the event that the parties are unsuccessful in reaching an agreement on a proposed protective order, the Court refers the parties to the Manual for Complex Litigation, Fourth § 40.27 for a sample protective order.

Issues subject to protective orders under Fed. R. Civ. P. 26 (c)(5) must be raised by written motion prior to the scheduling of the pertinent depositions citing the "good cause" in specific detail.

3. **INDEX**

1

Case 4:19-cv-00821-FJG   Document 28   Filed 03/20/20   Page 1 of 6

Counsel should note that the scheduling and trial order indices are provided for their convenience only. **All parties are directed to review the entire text of this order**. The schedules fixed herein will not be extended except for good cause shown and upon further written order of the Court.

### I. INDEX

| | | |
|---|---|---|
| 1. | Close of discovery | **September 28, 2020** |
| 2. | Motion to join additional parties | January 24, 2020 |
| 3. | Motion to amend pleadings | January 24, 2020 |
| 4. | Motion for summary judgment | **October 28, 2020** |
| 5. | Other motions | **October 28, 2020** |
| 6. | Supplement to discovery response | Ten days before pretrial teleconference |
| 7. | Asserting party's expert report(s) | **June 1, 2020** |
| | Defending party's expert report(s) | **July 6, 2020** |
| | Rebuttal report(s) | **August 10, 2020** |
| | Challenges/Daubert motions | **September 28, 2020** |
| 8. | Status report | **July 13, 2020** |

---

Pursuant to Rules 16(b) and 26(f), Fed. R. Civ. P., and upon consideration of the parties' proposals in the matter, the following time schedule is established.

1. **DISCOVERY**

Discovery shall close as of September 28, 2020. **Close of discovery means that all discovery, including depositions, shall be completed not simply submitted on the date specified by this paragraph. Any last minute discovery submitted too late for the opposing side to timely discover may be stricken.** **Counsel should also note that the Court expects discovery to proceed in a timely**

manner.  **The filing of a dispositive motion does not preclude the parties from conducting discovery.**

      a.    The Court reserves the right to exercise control over the taking of depositions in any case.  The Court may either limit the total number of depositions or place a time limitation on the taking of depositions in general.  **Any proposed deposition lasting longer than seven hours requires prior approval by the Court.  Proposing counsel shall file a motion explaining the justification for such deposition(s).**

      b.    **Any discovery motion must be filed before the close of discovery, and in sufficient time for the Court to rule the motion.**  The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1.  Any discovery motion filed without complying with Local Rule 37.1 will be denied.

      c.    In the event that a teleconference is needed, please email your request to my chambers at marylynn_shawver@mow.uscourts.gov or christy_anderson@mow.uscourts.gov.  The request should include a typed description of the discovery dispute, using a 12-pitch font and not exceeding two pages in length.  These teleconferences are intended to resolve one or two issues that do not require authoritative briefing.  Where multiple and complex issues are involved, motion practice is appropriate.  If you have questions regarding the appropriateness of your dispute for a teleconference, please ask my judicial assistant.

    2.    **MOTION TO JOIN ADDITIONAL PARTIES**

Any motion to join additional parties will be filed no later than January 24, 2020.  Where a motion to join additional parties is granted, counsel will telephone the Court's judicial assistant at (816)512-5630 to discuss a deadline for filing any proposed amendments to the scheduling and trial order.

    3.    **MOTION TO AMEND PLEADINGS**

Any motion to amend pleadings shall be filed no later than January 24, 2020.

4. **MOTIONS FOR SUMMARY JUDGMENT**

All motions for summary judgment shall be filed no later than September 28, 2020. Further, no motion for summary judgment will be entertained absent strict compliance with the following provisions:

a. Any motion for summary judgment shall fully comply with the provisions set forth in Local Rule 7.0; and

b. No deviations from Local Rule 7.0 will be allowed absent leave of Court obtained **PRIOR** to filing non-conforming documents. Unless prior Court approval is granted, motions for leave to deviate from Local Rule 7.0 that are filed contemporaneously with a non-conforming filing shall be denied.

5. **OTHER MOTIONS**

All other motions, except those which, under Rule 12(h)(2) or (3), Fed. R. Civ. P., may be made at any time, and except for motions in limine and discovery motions, shall be filed (with supporting suggestions) no later than September 28, 2020. Absent full compliance with Rule 7.0, these motions will be denied.

6. **SUPPLEMENT TO DISCOVERY RESPONSES**

Any supplement to discovery responses under Rule 26(e), Fed. R. Civ. P. will be filed no later than ten days before the scheduled pretrial teleconference. This obligation extends to expert affidavits.

7. **EXPERT TESTIMONY.**

a. A party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705, Fed. R. Evid.

1. Standard discovery deadlines include submission of expert reports required by Rule 26(a)(2)(B), Fed. R. Civ. P., for all witnesses retained or specially employed to provide expert testimony or whose duties as the party's employee

regularly involve giving expert testimony. Asserting parties shall submit their expert reports no later than June 1, 2020, defending parties no later than July 6. 2020 and rebuttal no later than August 10, 2020. These deadlines also apply to the disclosures of witnesses under Rule 26(a)(2)(C), Fed. R. Civ. P., for whom no reports are required.

    2. Any Daubert motion or other challenge to a proposed expert under Rules 26(a)(2)(B) or 26(a)(2)(C) must be filed no later than September 28, 2020. Objections not raised by this deadline may not be raised for the first time at trial.

    3. **No expert depositions or other expert discovery shall be taken without a Court order.** The party requesting further discovery shall file a motion specifying what additional discovery is needed, and stating in detail why additional discovery is necessary. This motion shall be filed no later than five days before the close of discovery. This request for additional discovery will not be automatically granted.

    b. One of the purposes of the Rule 26(a)(2)(B) expert report is to set forth the substance of a direct examination. If properly done, the expert report should eliminate the need for deposing some experts. Consequently, detailed statements in the report are essential.

    c. A party's expert witness will be permitted to testify at trial only in conformity with that witness's report unless otherwise ordered by the Court.

    d. Any expert report or disclosure to be submitted under this section shall be filed with this Court on ECF by the deadlines provided in 7(a)(1).

    e. If a witness is not required to provide a written report under Rule 26(a)(2)(B), Fed. R. Civ. P., the party naming that witness must prepare a disclosure indicating (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and

opinions to which the witness is expected to testify. Rule 26(a)(2)(C), Fed. R. Civ. P. These disclosures are due on the same dates as set forth in 7(a)(1). Daubert motions or other challenges to Rule 26(a)(2)(C) witnesses are due on the same dates as set forth in 7(a)(2).

8. **STATUS REPORT**

The parties shall file a joint status report outlining the progress of this case and advising the Court of any potential problems related to discovery or any other matters. This report shall be due on or before July 13, 2020.

9. Trial will be set by future order.

IT IS SO ORDERED.

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: March 20, 2020
Kansas City, Missouri