# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CONSULTUS, LLC, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-00821-CV-W-FJG |
| ) | |
| CPC COMMODITIES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

In in accordance with the Magistrate Act, 28 U.S.C. § 636, and Local Rule 72.1, this matter was referred to the undersigned United States Magistrate Judge for purposes of handling several discovery disputes between the parties. (Doc. #54.) On October 8, 2020, the undersigned held a conference on the matter. (Doc. #66.) The parties were ordered to brief the matter of whether it was appropriate to add a category of Attorneys' Eyes-Only (AEO) to the original protective order in this case.[1] (Doc. #66.) Plaintiffs filed a brief regarding the AEO designation and requested that this Court enter a proposed Amended Protective Order, which was attached to their brief. (Doc. #69.) Defendant CPC filed "Defendant CPC Commodities' Motion to Oppose the Designation of Plaintiffs' Trade Secrets and Prospective Customers as Attorneys' Eyes Only" and requests that this Court "order Plaintiffs to produce the requested information without an 'attorneys' eyes only' designation." (Doc. ##70, 71.)

---

[1] With regard to the various other discovery disputes, the parties had not yet met the meet-and-confer requirements imposed under Local Rule 37.1, and the parties were therefore given until November 5, 2020, to conduct the meet-and-confer requirements. The parties were later given an extension until November 20, 2020, to complete the meet-and-confer requirements.

Both parties filed responsive briefs (Doc. ##72, 73) and Plaintiffs were permitted to respond to a proposal included in Defendant CPC's response (Doc. #78.)

I. BACKGROUND

On August 13, 2019, Consultus, LLC ("Consultus") and Commoditrade, LLC d/b/a Sprout Solutions ( "Sprout"), filed a Petition in the Circuit Court for Jackson County, Missouri, against CPC Commodities ("CPC") and ISTT, Inc. ("ISTT"), alleging computer tampering, misappropriation of trade secrets, tortious interference with contract and business expectancy, breach of contract (against CPC only), and negligence. (Doc. #1-2.) On October 9, 2019, Defendants ISTT and CPC filed a Notice of Removal in this Court. (Doc. #1.) On October 30, 2019, Defendant CPC filed counterclaims against Consultus and Sprout alleging breach of contract, breach of implied duty of good faith and fair dealing, tortious interference with contract, and tortious interference with business expectancy. (Doc. #32 at 32-37.)

Consultus alleges that it developed, created and owns a "platformed called Application Security Administration ("ASA"), [which] is a foundational product upon which other software may be rapidly developed." (Doc. #1-2 at 4, ¶7.) Sprout Solutions alleges that it developed, created, and owns software, which is built on the ASA security platform called "CommodiTrade" and "Milling Station." (Doc. #1-2 at 4, ¶8.) Consultus and Sprout Solutions claims that in January of 2015, CPC entered into an oral agreement with Sprout to "provide access to and supporting IT services for its CommodiTrade Software in exchange for monthly fees."[2] (Doc. #1-2 at 5, ¶12.) CPC, however, asserts that they began working with Gretchen Henry in approximately 2006, when Ms. Henry was hired to develop a "web-based application

---

[2] CPC denies this claim but does not provide any additional statement as to why such was being denied. (Doc. #10 at 4, ¶12.)

that would allow CPC to track purchases and sales commissions." (Doc. #10 at 27, ¶¶8-9.) CPC alleges that Ms. Henry founded Consultus and Sprout in approximately 2015, and began offering "her services to CPC under the umbrella of those entities." (Doc. #10 at 27, ¶10.) CPC asserts that the "CommodiTrade Software was developed at CPC's request and was designed specifically for CPC's business." (Doc. #10 at 28, ¶14.) The relationship between Consultus, Sprout and CPC eventually soured, and CPC engaged ISTT to provide the same services that Ms. Henry, Consultus and Sprout provided to CPC. (Doc. #1-2 at 6, ¶18; Doc. #10 at 30, ¶26.) In approximately February of 2019, ISTT, without the assistance of Ms. Henry, Consultus or Sprout, obtained versions of the CommodiTrade Software and ASA Security Platform and installed them on the ISTT servers. (Doc. #1-2 at 7, ¶33; Doc. #10 at 32, ¶36; Doc. #23 at 6, ¶36.) The ownership of the server used by Consultus and Sprout, which includes the software and security platform, are in dispute, as are the details and events surrounding how ISTT and CPC obtained the software and security platform.

On November 26, 2019, the parties filed a joint motion for a protective order, which the Court granted on December 3, 2019. (Doc. ##21, 22.) The protective order provides that a party may designate a document as confidential, thereby subjecting it to the general protection clause stating that the "Confidential Information shall not be used or disclosed by the parties, their counsel, or persons identified in subparagraph (b) [of section 4] for any purpose whatsoever other than in this litigation, including any appeal." (Doc. #22 at 2, 3.)

During the course of discovery, CPC propounded the following interrogatories and request for production:

INTERROGATORY NO. 9

3

> Identify each of your prospective customers to whom you have marketed the Commoditrade software, the ASA security platform, and/or other data and information contained on the servers identified in the pleadings (as defined Federal Rule of Civil Procedure 7(a)).
>
> INTERROGATORY NO. 10
> Identify all data and information that you allege qualifies as a trade secret and that you allege CPC and /or ISTT misappropriated, accessed, copied, downloaded, disclosed, taken, received, retained, and/or used without permission, and for each such trade secret, fully describe: where and how the trade secret was stored; any/all efforts you made to maintain the confidentiality and privacy of the trade secret; what independent value you allege the trade secret has by virtue of being a secret; and how CPC and/or ISTT accessed, copies, and/or used the trade secret.
>
> DOCUMENT REQUEST NO. 74:
> Documents sufficient to identify all of your trade secret, copyright, and/or patent rights in the CommodiTrade software, the ASA security platform, and/or programs, data, and any/all information contained on your servers.

(Doc. #71 at 2-3.) Sprout responded to each interrogatory and request by objecting to the interrogatory but permitting, without waiving the objection, certain disclosures subject to an AEO designation. (Doc. #71 at 2-3.)

On September 3, 2020, CPC submitted the discovery dispute via email to the Honorable Fernando J. Gaitan, Jr., United States District Judge. The discovery dispute involved, inter alia, the identification of trade secrets and prospective customers (Interrogatories Nos. 9 and 10.) On September 8, 2020, Consultus and Sprout submitted additional discovery disputes. On September 9, 2020, Judge Gaitan referred the discovery dispute to the undersigned. (Doc. #54.) Additional correspondence from the parties indicated that the parties needed additional time to attempt to resolve the matters on their own. Therefore, a hearing on the various disputes was scheduled for October 1, 2020. The hearing was rescheduled to October 8, 2020, due to the unavailability of one of the attorneys. On October 8, 2020, it became clear to the undersigned that the parties were unable to resolve the issue of whether the AEO designation

4

was proper on their own and therefore ordered the parties to file their respective briefs by October 22, 2020. (Doc. #66.) Each party was given until October 29, 2020, to file their response. (Doc. #66.) The parties were provided additional time to attempt to resolve other discovery disputes that are not relevant to this matter. (Doc. #66.)

## II. LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure permits a party to move for a protective order if the party shows good cause for the issuance of a protective order. Fed. R. Civ. P. 26(c)(1). The burden is on the moving party to show "'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements'" as to the necessity for the issuance of a protective order. *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (quoting Wright & Miller, Federal Practice and Procedure: Civil § 2035 at 264-65.) "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Rule 26 further contemplates that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1)(G). The Eighth Circuit has formulated the following test in determining whether a protective order should be granted in cases involving trade secrets:

> (1) the party opposing discovery must first demonstrate that the information at issue is a trade secret under Rule 26(c)(1)(G) and that its disclosure would be harmful to the party's interest in the property; (2) the burden then shifts to the requesting party to show that the information is relevant to the lawsuit and is necessary to prepare the case for trial; and (3) if the requesting party demonstrates relevance and need, the court must weigh the injury that disclosure might cause against the moving party's need for the information.

5

*Taiyo Int'l, Inc. v. Phyto Tech Corp.*, 275 F.R.D. 497, 500 (D. Minn. 2011) (citing *In re Remington Arms Co.*, 952 F.2d 1029, 1032 (8th Cir.1991)).  Where the parties have already stipulated to a protective order, the party requesting a modification of the protective order must demonstrate "good cause for why modification is necessary[.]"  *Coy v. City of Cave Springs, Arkansas*, No. 5:17-CV-5048, 2019 WL 137620, at *1 (W.D. Ark. Jan. 8, 2019).

III.  ANALYSIS

Plaintiffs Consultus and Sprout, having already agreed to a protective order, now seek to amend the protective order to permit certain confidential information to be designated as "Highly Confidential – Attorneys' Eyes Only."  Specifically, Consultus and Sprout propose that the AEO designation be limited to the following: "(i) Plaintiffs' trade secrets, (ii) Plaintiffs' proposed customer list materials, (iii) the parties' financial information, and (iv) other information stipulated by the parties to be treated as Attorneys' Eyes Only Information." (Doc. #69-8 at 5.)  Defendant CPC objects to the AEO designation.  Defendant ISTT has not filed a brief and the time for doing so has now passed.

Under Missouri law, a trade secret is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  *Brown v. Rollet Bros. Trucking Co.*, 291 S.W.3d 766, 776 (Mo. Ct. App. 2009) (internal citations omitted.)  Although CPC argues that whether Consultus and Sprout are able to successfully meet the burden of proof with regard to a claim for misappropriation of trade secrets is in dispute (Doc. #71 at 4-6), there does not seem to be any dispute that Interrogatories Nos. 9 and 10, as well as Request for Production No. 74, seek disclosure of potential trade secrets and customer lists.  Therefore, this Court will not further analyze whether such are in fact trade secrets.  Similarly, there does

6

Case 4:19-cv-00821-FJG    Document 82    Filed 12/03/20    Page 6 of 10

not seem to be any argument that the requested information is relevant and necessary. The heart of this dispute centers on whether the AEO designation is appropriate and whether AEO designation would hinder CPC's ability to defend the case.

Because Consultus and Sprout request modification of the protective order, it is incumbent that they provide good cause for the necessity of the modification. Consultus and Sprout argue that ISTT is a direct competitor, and that CPC acted "in concert with one another" in obtaining the software and security platforms. (Doc. #69 at 5.) Consultus and Sprout further allege that "steps were taken to purge or modify the logs of activity on Plaintiffs' servers in an effort to erase records of activity related to the intrusion and download. As a result, Plaintiffs cannot know for certain what trade secret or other proprietary materials were accessed, downloaded, shared or otherwise seen by either Defendant until further discovery is completed." (Doc. #69 at 5.)

CPC argues that Consultus and Sprout have alleged that Defendants CPC and ISTT have already accessed and seen the information, therefore there is no need for a higher level of protection. (Doc. #71 at 3, 11.) CPC further argues that the "information is critical to Defendant's ability to assess the merits of and defend against Plaintiffs' claims." (Doc. #71 at 3, 8-11.)

Rule 26 recognizes that trade secrets and intellectual property often warrants protection. Fed. R. Civ. P. 26(c)(1)(G). Therefore, "[p]rotective orders that limit access to certain documents to counsel and experts only are commonly entered in litigation involving trade secrets and other confidential research, development, or commercial information." *Quotron Sys., Inc. v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992). AEO designation allows the litigation to move forward while restricting a party from viewing

7

sensitive information.  *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1203 (10th Cir. 2014).

The Court finds that an AEO designation is appropriate in this matter.  Consultus and Sprout have shown good cause for needing a higher level of protection in this matter, wherein it is alleged that CPC and ISTT, a competitor, have worked in concert with each other in order to access and download files and databases owned by Consultus and Sprout.  There is no doubt that the requested material is critical to assessing Plaintiffs' claims.  That alone, however, does not warrant rejecting an AEO designation.  The attorneys for the defense will have the material. *See Hoefer Wysocki Architects, LLC v. Carnegie Mgmt. & Dev. Corp.*, No. 11-00678-CV-W-GAF, 2012 WL 13028901, at *3 (W.D. Mo. Jan. 25, 2012) (rejecting similar arguments).

Consultus and Sprout have submitted a Proposed Amended Protective Order which limits the AEO designation to "(i) Plaintiffs' trade secrets, (ii) Plaintiffs' proposed customer list materials, (iii) the parties' financial information, and (iv) other information stipulated by the parties to be treated as Attorneys' Eyes Only Information." (Doc. #69-8 at 5.)  The Court finds the categories listed are either overly broad and/or inappropriate for AEO designation.

With regard to the first category (Plaintiffs' trade secrets), this category is overly broad. While there is no indication at this point in time that CPC and/or ISTT may need to disclose trade secrets, this Court finds that it is not beyond the realm of possibility.  Therefore, the AEO designation should be applicable to all parties.  Furthermore, the AEO designation should be restricted to material that actually discloses the trade secret (such as software source codes), as opposed to broad descriptions of the trade secret that do not disclose the actual trade secret. *See Mitchell Int'l, Inc. v. HealthLift Pharmacy Servs., LLC*, No. 219CV000637RJSDAO, 2020 WL 2736094, at *2 (D. Utah May 26, 2020), aff'd, No. 219CV000637RJSDAO, 2020 WL

5645321 (D. Utah Sept. 22, 2020) (exploring the distinction between broad descriptions and the "underlying processes and information" which may constitute the trade secret.)

The Court also finds that an AEO designation is appropriate for the second category — customer list material. Courts often limit the disclosure of customer lists to attorneys. *See Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D. Ill. 2006) (listing cases in which customer lists were ordered to be disclosed with an AEO designation). Like the trade secret category, this Court finds that this category should be applicable to all parties.

Regarding the last two categories, the parties' financial information and other information stipulated by the parties, this Court finds that the AEO designation is not appropriate. Consultus and Sprout have not shown, let alone argued, why financial information requires any stronger protection than the agreed to confidential information designation. Similarly, Consultus and Sprout have not shown a need for the final category ("other information stipulated by the parties") and this Court finds such a category is overly broad for such a restrictive designation as an AEO designation. Therefore, this Court finds that these last two categories should not be included in the AEO designation.

## IV. CONCLUSION

Based upon the foregoing, it is

RECOMMENDED that the District Court enter an order granting in part and denying in part Plaintiffs' motion for modification of the Protective Order (Doc. #69).

IT IS FURTHER RECOMMENDED that the District Court enter an order denying Defendant CPC's motion to "order Plaintiffs to produce the requested information without an 'attorneys' eyes only' designation" (Doc. #70).

IT IS FURTHER RECOMMENDED that within seven days of the date of the District Court's Order, the parties shall submit a revised stipulated protective order which is consistent with this Report and Recommendation. If the parties are unable to agree on the terms of such protective order, Plaintiffs shall submit a proposed protective order and Defendants shall submit an alternative proposed protective order in lieu of the stipulated protective order.

Failure to file written objections to this Report and Recommendation within fourteen days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1).

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE