**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| CONSULTUS, LLC, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-00821-FJG |
| ) | |
| CPC COMMODITIES ET AL., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Currently pending before the Court are several motions filed by the parties.

## I. Discovery Dispute re: Protective Order

Pursuant to the Magistrate Act, 28 U.S.C. § 636 and Local Rule 72.1, the Court referred to Magistrate Counts the issue of whether it was appropriate to add a category of Attorneys' Eyes-Only ("AEO") to the original protective order. Plaintiffs filed a brief regarding the designation and requested that the Court enter a proposed Amended Protective Order. Defendant CPC filed a motion opposing the designation and requested that the Court order plaintiffs to produce the requested information without an AEO designation. Magistrate Counts found that an AEO designation was appropriate in this matter, however she did find that some of the categories that plaintiffs requested the designation for were overly broad and that some of the categories were unnecessary, i.e. the parties' financial information and other information stipulated by the parties. On December 3, 2020, Magistrate Counts entered a report and recommendation (Doc. # 82) which recommended granting in part and denying in part Plaintiffs' Motion for Modification of the Protective Order and denying defendant CPC's

Motion to Order Plaintiffs to Produce the Requested Information Without an AEO Designation. No party filed any objections to Magistrate Count's Report and Recommendation. The Court after independent review of the record and applicable law, adopts and incorporates by reference herein, Magistrate Count's findings and conclusions (Doc. # 82). Therefore, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Modification of the Protective Order (Doc. # 69) and **DENIES** CPC's Motion to Order Plaintiffs to Produce the Requested Information Without an AEO" Designation (Doc. # 70). On or before **February 3, 2021,** the parties shall submit a revised stipulated Protective Order consistent with Judge Count's report and recommendation. If the parties are unable to agree on the terms of such protective order, Plaintiffs shall submit a proposed protective order and Defendants shall submit an alternative proposal in lieu of the stipulated protective order.

**II. Motion to File First Amended Complaint**

Plaintiffs seek to file a First Amended Complaint adding claims for 1) copyright infringement; 2) unjust enrichment and 3) fraudulent inducement (against CPC only); and 4) unfair competition. Plaintiffs state that the Motion for Leave to Amend is due in part to recent copyright awards that they received. On September 23, 2020, plaintiff Consultus, LLC was awarded copyright in the security platform at issue in this case, Application Security Administrator ("ASA"). On October 6, 2020, plaintiff Commoditrade, LLC was awarded copyright in other software at issue in this case, Commoditrade. Plaintiffs state that the amendment to add claims of unfair competition, unjust enrichment and fraudulent inducement is sought based on plaintiff's continued investigation and review of relevant materials produced and discovery responses

2

provided by defendants. Defendants do not oppose plaintiffs' Motion to add the Copyright Infringement claims, but state that plaintiffs should not be permitted to add the remaining counts because they have failed to show good cause. Defendants state that plaintiffs waited ten months after the Court's January 24, 2020 deadline and failed to offer any rationale as to why they were unable to comply with the deadline. In reply, plaintiffs state that their "discovery efforts and investigations to date have led to new information that forms the basis of good cause to add claims for unfair competition, unjust enrichment and fraudulent inducement." (Plaintiff's Reply, p. 2). Plaintiffs state that as of the original deadline, defendants had not responded to written discovery and had only selectively produced materials referenced in their initial disclosures. Additionally, plaintiffs state that the COVID-19 pandemic had impacted the parties and counsel and hampered their abilities to conduct discovery in this case. Plaintiffs outlined all of the actions that they have taken since November 2019 demonstrating their diligence in conducting remote discovery. Plaintiffs also state that the majority of communications between the defendants were not disclosed or produced until long after the deadline to amend and that these materials were necessary to establish their unfair competition and unjust enrichment claims. Defendants have now filed a Motion for Leave to File a Sur-Reply to Plaintiffs' Motion for Leave to File a First Amended Complaint (Doc. # 94). Defendants state that plaintiffs have raised entirely different issues not addressed in their original motion which they are using to support their good cause reasoning: 1) defendants withheld discovery; 2) defendants had not responded to written discovery; 3) the COVID-19 pandemic impacted the parties; 4) defendant CPC rejected plaintiffs' proposal for depositions under safety protocols; 5) CPC opposed the

3

entry of an a protective order with an AEO designation, etc.  Defendants state that in order to respond and fully brief the alleged reasons in plaintiff's reply, they are requesting leave to file a sur-reply.

When a party seeks leave to amend their Complaint after the deadline established in the Scheduling Order has passed, they must show "good cause." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); see also Fed.R.Civ.P. 16(b). "'The primary measure of good cause is the movant's diligence in attempting to meet deadlines.' Albright v. Mountain Home Sch. Dist., 926 F.3d 942, 951 (8th Cir. 2019)(citation omitted). Good cause may be shown by pointing to a change in the law, newly discovery facts, or another significant changed circumstance that requires amendment of a party's pleading. Harris v. Chi. Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012)." Ellingsworth v. Vermeer Manufacturing Co., 949 F.3d 1097, 1100 (8th Cir. 2020). "Good cause for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 590 F.Supp.2d 1093, 1100 (N.D. Iowa 2008) (citing Sherman, 532 F.3d at 716-18).

In the instant case, Plaintiff Consultus was awarded copyright in the security platform on September 23, 2020 and Commoditrade was awarded copyright in the other software at issue on October 6, 2020. These copyright protections form the basis for plaintiffs' copyright infringement claims and plaintiffs could not have brought these claims before these copyrights were issued.  Accordingly, the Court finds and defendants do not dispute that plaintiffs have shown good cause for seeking to file an

Amended Complaint after the expiration of the deadline as to these claims. In their initial motion seeking leave to amend, plaintiffs state that they are also seeking to add three additional claims for unfair competition, unjust enrichment and fraudulent inducement based on their "continued investigation and review of relevant materials." Plaintiffs did not initially explain what investigation or review they were conducting or why a motion to amend could not have been filed earlier. Defendants opposed plaintiffs request to add these three additional claims, arguing that plaintiffs had not shown good cause. In their reply suggestions, plaintiffs provide extensive detail showing that they acted diligently in pursuing discovery in this case, seeking information from the defendants necessary to file their new claims and the obstacles that they have encountered over these past several months, including issues related to COVID-19. In their reply suggestions, plaintiffs provide detailed descriptions of efforts from May 11, 2020 until December 16, 2020 describing all of their activities related to obtaining discovery in this case and the difficulties that they have encountered. Plaintiffs also note that the defendants have failed to provide them with access to software and materials taken from their servers, have failed to produce logs and directories, or the source code for the version of software. Additionally, plaintiffs state that the majority of communications between defendants were not disclosed or produced until long after the deadline to file amended pleadings. Plaintiffs also note that there are additional documents and communications which have still not been produced. The Court finds that the additional information provided by plaintiffs in their reply suggestions constitute good cause for their motion to amend their claims after the deadline contained in the Scheduling Order. It would have been better for plaintiffs to have included this information in their initial motion seeking

leave to amend, instead of waiting to provide it in their reply suggestions. Defendants have requested leave to file a sur-reply because they state that plaintiffs have raised entirely different issues not addressed in their initial Motion for Leave. However, the issues which plaintiffs raise are only in response to defendants' arguments that plaintiffs had not provided good cause for adding the new claims. Presumably, defendants wish to file a sur-reply to refute plaintiffs' allegations that the defendants withheld and failed to respond to discovery, rejected proposals to conduct depositions, opposed entry of an AEO protective order and failed to disclose communications until after the deadline to amend.

> Sur-replies are largely disfavored in federal court. Fleshner v. Tiedt, No. 15-CV-2033-CJW, 2019 WL 271619, at *2 (N.D. Iowa Jan. 18, 2019); see also In re Enron Corp. Secs., 465 F. Supp. 2d 687,691 n.4 (S.D. Tex. 2006) ("Sur-replies ... are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter."); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 659 (D. Kan. 1999) (stating that leave to file a sur-reply is granted only in "extraordinary circumstances"). However, the Court has discretion to allow sur-replies when justice so requires. Fleshner, 2019 WL 271619, at *2. A sur-reply might be considered appropriate when the preceding reply "contained new information for which the opportunity to respond is needed." Atuahene, 2009 WL 1586952, at *8 (internal quotation marks omitted); see also Fleshner, 2019 WL 271619, at *2 (noting that a sur-reply is unwarranted when the preceding reply does not raise new arguments).

Fuller v. Lion Oil Trading & Transportation, LLC, No. 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020). The Court does not find that it is necessary for defendants to file a sur-reply to address plaintiffs' additional reasons. Plaintiffs reply suggestions did not raise "entirely different issues not addressed in their original Motion for Leave." Plaintiffs simply provided the reasons which establish their "good cause" for filing the Motion for Leave to Amend after the deadline established by the Scheduling

Order. Accordingly, the Court hereby **GRANTS** plaintiffs' Motion for Leave to File an Amended Complaint (Doc. # 80) and **DENIES** defendants' Motion for Leave to File a Sur-Reply (Doc. # 94). Plaintiffs shall file their Amended Complaint within (3) days of the date of this Order.

### III. Motion for Amended Scheduling and Trial Order

Plaintiffs state that they have conferred with the defendants and all parties agree regarding the necessity for issuing an Amended Scheduling and Trial Order. Accordingly, the Court hereby **GRANTS** Plaintiffs' Motion for Extension of Discovery Deadlines and to Amend the Scheduling Order (Doc. # 81). The Court will issue a separate Amended Scheduling and Trial Order. As the Court has granted plaintiffs' Motion to Amend the Scheduling and Trial Order, the Court hereby **DENIES AS MOOT** the previously filed Motions for Extension (Docs. 35, 41, 48 and 62).

| | |
|---|---|
| Date: <u>January 27, 2021</u><br>Kansas City, Missouri | **S/ FERNANDO J. GAITAN, JR.**<br>Fernando J. Gaitan, Jr.<br>United States District Judge |